**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1777-25

SANDRA BAIR,

     Plaintiff-Respondent,

v.

ESTATE OF COLLEEN RITCHIE,
DOREEN CAMPBELL and
ROBERT CAMBELL, heirs,

     Defendants/Third-Party
     Plaintiffs-Appellants,

v.

ESTATE OF KEVIN HART,
CAROL KAPURELOS, Executrix,
and RICHARD CURRAN,

     Third-Party Defendants/
     Respondents.

_____

Submitted April 14, 2026 – Decided June 9, 2026

Before Judges DeAlmeida and Torregrossa-O'Connor.

On appeal from an interlocutory order of the Superior Court of New Jersey, Chancery Division, Cape May County, Docket No. C-000008-25.

King Barnes, LLC, attorneys for appellants (Richard M. King, Jr. and Marisa J. Hermanovich, on the brief).

Gillin-Schwartz Law, LLC, attorneys for respondents Estate of Kevin Hart and Carol Kapurelos (Christopher Gillin-Schwartz, on the brief).

Monzo Catanese Delollis, PC, attorneys for respondent Sandra Bair (Rachel A. Sandman, on the brief).

PER CURIAM

In this property partition action, defendants, Doreen Campbell, Robert Campbell, and the Estate of Colleen Ritchie,[1] appeal from an October 29, 2025 Chancery Division order dismissing defendants' counterclaims against plaintiff, Sandra Bair, and their third-party complaint against third-party defendants, Estate of Kevin Hart, Carol Kapurelos as executrix, and Richard Curran, in which defendants sought to void Richard's disclaimer of his interest in a share of property devised to him in his late uncle Kevin's last will and testament. Defendants also appeal the December 16, 2025 order denying reconsideration.

---

[1] Due to the presence of multiple individuals in each party, and some shared surnames among them, we use first names when referring to individuals, but otherwise use party designations when referring to the respective parties collectively.

Richard is not a party to this appeal and does not seek to void his disclaimer.[2] Because defendants lack standing to challenge Richard's disclaimer, we conclude defendants' counterclaims and third-party complaint challenging the disclaimer were properly dismissed, and we affirm.

I.

A.

This appeal arises from an action originally brought by plaintiff seeking a partition of residential property located in North Cape May containing a single-family home (the property), described by plaintiff in her complaint as "in a state of major disrepair." The property was originally owned in equal shares by siblings Kevin and Colleen. When Colleen died intestate, her share of the property passed to her children, defendants Doreen and Robert. Doreen currently resides on the property. Kevin devised his half interest in the property to Richard in his will.

Kevin's will specifically provided in relevant part:

> I give, devise and bequeath my interest in [the property] unto my nephew Richard Curran . . . provided he survives me for a period of thirty (30) days. In the event that he does not survive me for a period of thirty (30) days, then I give, devise and bequeath that such interest shall pass unto my daughter, [plaintiff].

---

[2] Richard filed a self-represented letter of non-participation in this appeal.

A-1777-25

The parties agree Kevin never formally adopted plaintiff but nevertheless regarded her as his daughter.

Upon Kevin's death, Richard, who had been residing out of state,[3] disclaimed his interest in the property by signing a form disclaimer on September 12, 2023. It provided:

> [I.] Pursuant to the New Jersey Statutes, Title 3A, the undersigned, Rich[ard] Curran chooses to exercise his/her right to disclaim the entire interest in the described property.
>
> [II.] The decedent died intestate[4] on Feb[ruary] 4, 2023 and the undersigned has an interest in the described property.
>
> [III.] Pursuant to intestate succession the undersigned has an interest in the [property].
>
> [IV.] Pursuant to the applicable law of the State of New Jersey and the Internal Revenue Code of 1986, if applicable, the undersigned hereby renounces and disclaims any interest or right to the property or asset of the deceased in described in paragraph III.

---

[3] Plaintiff's counsel represented that Richard returned to New Jersey after the commencement of the partition action and currently resides with Doreen at the property.

[4] The parties agree the disclaimer form incorrectly stated Kevin died intestate, as Kevin died testate having executed a valid will that controlled the transfer of his estate upon his death.

4

[V.]  The property devolved to others pursuant to the provisions of applicable State law as though the undersigned has predeceased the decedent.

[VI.]  The renunciation and disclaimer shall for all purposes be deemed to relate back to the date of decedent's death and is an irrevocable refusal to accept that property effected hereby, and is delivered to the administrator of the decedent's Estate.

As a result of the disclaimer, Richard's interest in the property passed to plaintiff as if Richard had predeceased Kevin pursuant to the contingent beneficiary designation in Kevin's will.  The validity of Kevin's will was never challenged, and the parties do not dispute plaintiff's status as a beneficiary.  Similarly, the parties concur neither Kevin's will nor the disclaimer mentioned any intent to provide an interest in Kevin's estate or in the property to Doreen or Robert.

B.

On February 24, 2025, plaintiff filed a complaint against defendants seeking to partition the property, then held as tenants in common by plaintiff, as a result of Richard's disclaimer, and defendants, as Colleen's heirs.  Defendants filed an answer and counterclaims against plaintiff, alleging mistake, fraud, and equitable estoppel.  The counterclaim also sought imposition of a constructive trust and to quiet title.  Defendants similarly brought a third-party complaint

5

against third-party defendants seeking to void Richard's disclaimer claiming mistake, fraud, breach of contract, promissory estoppel, and equitable estoppel. Although defendants brought the third-party complaint against Richard, they alleged no wrongdoing on his part.

Plaintiff thereafter filed a motion to dismiss defendants' counterclaims, and third-party defendants filed a motion to dismiss defendants' third-party complaint alleging defendants failed to state a claim upon which relief may be granted. Defendants opposed both motions.

Defendants contended the disclaimer was invalid because Richard harbored the mistaken belief renouncing his interest would convey his interest in the property to Doreen. Although Richard took no legal action in the probate matter or the present action to void his disclaimer,[5] defendants provided a certification from Richard explaining he disclaimed his interest after Carol, as executrix of Kevin's will, advised Richard his renounced interest would return to the estate and Carol "could transfer it to Doreen," who lived on the property. Richard further certified Carol sent him a copy of Kevin's will prior to Richard's disclaiming, which was missing "the portion that sa[id] if [Richard] predeceased

---

[5] We note Richard, a third-party defendant, took no independent legal position from the third-party defendants before the trial court.

A-1777-25

Kevin the home goes to [plaintiff]." The certification also stated, "I only signed the [disclaimer] because Carol assured me that if I signed over my interest, she would sign it over to Doreen. I did not understand it would actually go to [plaintiff], and if I knew it would go to [plaintiff], I would have never signed the document."

Defendants also proffered text messages from the executrix to Doreen, including one stating:

> According to the will [i]f Ritchie doesn't want it it has to go back to the estate and then I will deal with it. I M [(sic)] gonna have to pay an inheritance fee on the house then we will work on getting it to you and hopefully recoup the cash I had to pay.

Defendants argued Carol sent Richard the form disclaimer, and, with it, a copy of Kevin's will in which the full language of the section devising Kevin's interest in the property to Richard was somehow incomplete. Specifically, in the copy sent to Richard, the only legible text in the paragraph devising Kevin's interest in the property to Richard read: "I give, devise and bequeath my interest in [the property] unto my nephew." The survivorship and contingent beneficiary language was illegible or missing.[6]

---

[6] The copy provided by defendants on appeal appears to reflect a copying error and includes a handwritten note in the margin of the blurred text, stating, "sorry

A-1777-25

Defendants therefore claimed Carol improperly administered the estate by enforcing the express terms of Kevin's will and Richard's disclaimer concerning the property, rather than Richard's expected outcome. They asserted Carol misled Richard into an uninformed disclaimer of his interest, which should be deemed invalid.

At combined oral argument of both motions, plaintiff disputed defendants' standing to pursue their counterclaims because defendants "were not parties to the alleged mistake or the disclaimer" and were "not beneficiaries under Kevin Hart's will." She further argued defendants were unable to substantiate any claim that Richard signed the disclaimer due to fraud or misrepresentation because the parol evidence rule barred any evidence contradicting the unambiguous terms of the written disclaimer. Plaintiff contended the fraud exception to the parol evidence rule did not apply and further emphasized Richard never sought to void his disclaimer, and, consequently, suffered no harm.

Plaintiff further asserted even if there had been a mistake on Richard's part, it was not mutual, as defendants did not, and could not, allege Carol shared

Rich but it got blurry here." Plaintiff's brief indicates the same "copying error" occurred on the top of each page, not simply the page containing the relevant language at issue.

8

Richard's alleged belief that "a disclaimed beneficiary could direct the disposition of the disclaimed property." Plaintiff argued, alternatively, that "Richard Curran has suffered no damage as a result of the alleged mistake, since his intent, again, has always been to give up his interest in the property."

Plaintiff conceded that the disclaimer inaccurately stated Kevin died intestate, but argued that discrepancy was immaterial as the property would still "devolve pursuant to applicable state law," which mandated the terms of Kevin's valid will control the disposition of the estate. Accordingly, plaintiff contended Richard's disclaimed interest must, as a matter of law, pass to the contingent beneficiary as if Richard predeceased Kevin.

Third-party defendants echoed plaintiff's arguments, emphasizing Carol's duty as the executrix was to fulfill Kevin's testamentary intent and effectuate his wishes, which she did. According to third-party defendants, anything short of effectuating Kevin's intent and honoring the express terms of the will would have been unlawful. They further argued Kevin's omission of Doreen or Robert from his will demonstrated Kevin never intended Doreen to inherit from him.

Defendants countered that Richard relied on Carol to "help guide him through the administration of the will," yet Carol provided to Richard a copy of the will omitting the language addressing to whom Richard's interest in the

A-1777-25

property would pass if disclaimed. Additionally, defendants argued that if Kevin had died intestate, Doreen would inherit the property as Kevin's niece, along with her cousins, including Richard. Defendants contended dismissal was inappropriate as the text messages supported their claim that Richard mistakenly disclaimed his interest under a misapprehension his interest would pass to Doreen after reviewing only an incomplete copy of the will.

In an order and written decision dated October 29, 2025, the trial court granted plaintiff's and third-party defendants' motions to dismiss defendants' counterclaims and third-party complaint. The court found Richard's written disclaimer "unambiguous," noting the "property 'devolved' to others pursuant to the provisions of applicable State law as though the undersigned had predeceased the decedent, and under Kevin Hart's will, that means plaintiff . . . becomes the owner." The court also cited the absence of any reference to Doreen in Kevin's will naming, instead, plaintiff the "contingent beneficiary."

The court acknowledged, although parol evidence "is admissible to demonstrate that [a] contract is void or voidable due to fraudulent representations," the fraud exception is "limited in scope" and "must pertain to matters wholly extraneous to the integrated writing, rather than directly

10

contradicting its express terms." Thus, the court concluded, "the fraud exception to the parol evidence rule would not apply here because the alleged oral promise that the property would go to Doreen directly contradicts the express terms of the written disclaimer and will . . . ."

The court further noted, even though Richard received "an incomplete copy of the will," the will contained "no language naming defendants as beneficiaries" negating any "reasonable basis for Richard or defendants to believe they would inherit the property." Therefore, the court found defendants' claims "insufficient to contradict the express written terms or supply standing to seek relief," and dismissed the counterclaims and third-party complaint.

C.

Defendants moved for reconsideration of the court's October 29, 2025 order. Defendants reiterated their arguments that parol evidence should be admitted to establish misrepresentations by Carol caused Richard to believe the property would be "devolved to Doreen," and such misrepresentations "directly contradicted" the "fully integrated" will. Defendants also highlighted the terms of the disclaimer, which, according to defendants, further "perpetuate[d] the fraud" because it "inaccurately declar[ed] the property would pass by intestate succession."

A-1777-25

In response, plaintiff argued that defendants presented no new information warranting reconsideration. Plaintiff nevertheless asserted that the only two references to intestate succession in the written disclaimer were irrelevant "clerical errors" because it was undisputed Kevin died testate, and "Richard knew that there was a last will and testament."

Plaintiff again contended defendants could not challenge the disclaimer as they were not parties to the alleged misrepresentation between the executrix and Richard, and defendants "were never intended to inherit under the Estate of Kevin Hart." Plaintiff also refuted defendants' argument that the text messages should be admitted to show Richard believed the property would go to Doreen, referencing one of Doreen's text messages to Carol, prior to Richard's executing the written disclaimer, stating, "I just wanted to touch base because Richie had called me and mentioned he couldn't sign his half over to me and I just wanted to see where we go from there."

Plaintiff argued, regardless, Richard, as the disclaiming party and as a matter of law, "has no say over who gets the property after the property is disclaimed." She further emphasized, "Richard has made no claim in this matter" and "continues to want to disclaim this property."

A-1777-25

The third-party defendants likewise characterized defendants' claims about the erroneous "intestate" language in the disclaimer as "a side quest that leads nowhere" because all were undisputedly aware Kevin died testate. Third-party defendants again stated Carol "executed point by point what the testator's wishes were," and she had no ability or legal authority to act contrary to Kevin's intent.

The court denied defendants' motion for reconsideration in an order and written opinion dated December 16, 2025. In its decision, the court addressed the "intestate" references in the disclaimer, finding Richard's awareness of the existence of Kevin's will undermined defendants' claims Richard mistakenly believed Kevin died intestate. The court cited the clear language of paragraph five of the disclaimer, which stated "the property devolved to others pursuant to the provisions of applicable State law as though the undersigned had predeceased the decedent," and found, "[u]nder New Jersey law and the unambiguous terms of Kevin Hart's Will, this phrase operate[d] to pass the disclaimed interest directly to the alternate beneficiary, plaintiff[.]"

Further, the court noted, "equity is aligned with honoring the decedent's testamentary intent as reflected in the will" because "[t]he will unambiguously provides that, should Richard Curran disclaim his interest, the

13

property . . . passes to [plaintiff]." The court concluded "the controlling instruments are the executed will and written disclaimer," and "[t]he property interest at issue thus properly passed to [plaintiff], in accordance with the will and the applicable law governing disclaimers in estate matters."

Accordingly, the court denied defendants' motion for reconsideration. This order also "amend[ed]" the court's October 29, 2025 order "to dismiss [defendants'] claims with prejudice."

### D.

We granted defendants leave to appeal the court's orders dismissing defendants' counterclaims against plaintiff and third-party claim against the executrix and denying reconsideration. Defendants argue the court erred in precluding extrinsic evidence otherwise admissible under the fraud exception to the parol evidence rule that would have demonstrated Carol as executrix made misrepresentations to Richard upon which he relied in disclaiming his interest, rendering his renunciation void.

In response, plaintiff argues defendants lack standing to void the disclaimer and are improperly requesting the court to transfer property in contravention of the express terms of Kevin's will and settled law. She contends defendants were not parties to the disclaimer or beneficiaries under Kevin's will

14

and, therefore, can never be considered third-party beneficiaries of the disclaimer. Plaintiff alternatively argues the trial court properly concluded the proposed text communications between Doreen and Carol do not meet the standard for admission under the fraud exception to the parole evidence rule as the proposed communications contradict the disclaimer's unambiguous language. Carol argues on behalf of herself and Kevin's estate the unambiguous language of both Kevin's will and Richard's disclaimer control, and defendants have no interest sufficient to challenge the disclaimer as they were omitted from Kevin's will entirely.

## II.

Motions to dismiss for failure to state a claim upon which relief may be granted under Rule 4:6-2(e) are reviewed de novo. Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). "A reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the [non-moving party] the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). "[M]otions to dismiss should be granted 'only in the rarest [of] instances.'" Banco Popular N. Am. v. Gandi, 184 N.J. 161, 165 (2005) (second alteration in original) (quoting Lieberman v. Port Auth. of N.Y.

& N.J., 132 N.J. 76, 79 (1993)).  "Nonetheless, if the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed."  Baskin, 246 N.J. at 171 (quoting Dimitrakopoulos, 237 N.J. at 107).

In all matters, "[s]tanding is . . . a threshold issue" assessing "whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."  Watkins v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 417 (1991) (quoting Allen v. Wright, 468 U.S. 737, 750-51 (1984)).  "Courts will not entertain matters in which plaintiffs do not have sufficient legal standing."  Focazio v. Aboyoun, 481 N.J. Super. 153, 165 (App. Div. 2025) (quoting N.J. Citizen Action v. Rivera Motel Corp., 296 N.J. Super. 402, 409 (App. Div. 1997)); see also R. 2:8-2 (authorizing dismissal of an appeal "at any time on its own motion or that of a party" such as for lack of standing).

To have standing, a litigant must be a "real party in interest."  Spinnaker Condo. Corp. v. Zoning Bd. of Sea Isle City, 357 N.J. Super. 105, 110 (App. Div. 2003).  A real party in interest is one entitled to the benefits of the action if it is successful.  R. 4:26-1.  "To possess standing in a case, a party must present a sufficient stake in the outcome of the litigation, a real adverseness with respect to the subject matter, and a substantial likelihood that the party will suffer harm

in the event of an unfavorable decision." Focazio, 481 N.J. Super. at 165 (quoting In re Camden Cnty., 170 N.J. 439, 449 (2002)).

Here, defendants were omitted entirely from Kevin's will which undisputedly controls the distribution of his estate. Thus, as a matter of law, they were not beneficiaries of any interest as they had no potential to inherit the property or any interest whatsoever in Kevin's estate, even in the aftermath of disclaimer by Richard. See Pressler & Verniero, Current N.J. Court Rules, cmt. 3 on R. 4:26-1 (citing In re Meyers' Will, 20 N.J. 228, 235 (1955) (standing inures only to one "injured by the probate of the will he [or she] contests")). Instead, the unambiguous and unchallenged will devised the property to Richard, or in the event Richard predeceased Kevin, to plaintiff. Thus, whether Richard accepted the devise, disclaimed it, or predeceased Kevin, the will did not afford a pathway for Doreen or any defendant to inherit the property.

Nor is Doreen or any defendant named in the disclaimer. To the contrary, the disclaimer expressly provides that Richard's disclaimed interest "devolved to others pursuant to the provisions of applicable State law as though [Richard] has predeceased [Kevin]." Neither the will, nor the disclaimer, confer an interest in the property to Doreen or any defendant. They are the beneficiaries of neither instrument; they are not stakeholders with any right to succession, even in the

17

event of any future contingency. Nor could defendants stand as otherwise intended beneficiaries of the disclaimer of the will, as their taking pursuant to a disclaimer would have been a legal impossibility under the plain language of the will. See In re Est. of Flood, 417 N.J. Super. 378, 381 n.1 (App. Div. 2010) (quoting N.J.S.A. 3B:3-33.1(a)) (noting that a testator's intentions as expressed in his or her will, "controls the legal effect of his [or her] dispositions"). Thus, dismissal of the counterclaims and third-party complaint was proper, as defendants failed to state any legally enforceable interest in the disclaimed property, now or in the future, regardless of the manner in which the renunciation came to pass.

That Doreen or even Richard may have hoped or believed Doreen could ultimately obtain Richard's renounced interest is too attenuated, and patently, legally incorrect, to sustain their challenges to Richard's disclaimer of property to which defendants have no legal right. Stated simply, even if defendants somehow succeeded in foisting upon Richard property he wishes to disclaim, only one of two outcomes are possible: either the disclaimer is valid, and the property passes to plaintiff according to the terms of Kevin's will, or the disclaimer is invalid, and the property returns to the estate and passes to Richard according to the terms of the will.

18

Kevin's valid will solely controlled the property's lawful disposition after Richard's renunciation. This is because "the intention of a testator as expressed in [the] will controls the legal effect of . . . dispositions, and the rules of construction . . . shall apply unless the probable intention of the testator, as indicated by the will and relevant circumstances, is contrary." N.J.S.A. 3B:3-33.1(a); see also N.J.S.A. 3B:9-8 ("A disclaimer acts as a nonacceptance of the disclaimed interest, rather than as a transfer of the disclaimed interest. The disclaimant is treated as never having received the disclaimed interest.").

Further, Richard, the disclaiming party, never sought to void his disclaimer or reclaim the property, even after it became clear Doreen would not be the recipient of his interest. To the contrary, procedurally before the trial court, Richard, collectively with third-party defendants, sought dismissal of defendants' claims before the trial court seeking invalidation of his disclaimer. He now fails to appeal the trial court's decision enforcing the disclaimer as written. Thus, defendants cannot viably seek to invalidate a disclaimer Richard does not challenge, and their claims were properly dismissed.

Concluding defendants lack standing, we need not address defendants' remaining claims.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

19

A-1777-25